**NOT FOR PUBLICATION**

**FILED**

MAY 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES NORVELL, | No. 22-35373 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05683-BHS |
| v. | |
| BNSF RAILWAY COMPANY, a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted April 14, 2023
Seattle, Washington

Before: McKEOWN and DESAI, Circuit Judges, and SILVER,** District Judge.

James Norvell appeals from the entry of judgment in favor of BNSF Railway Company after a jury trial. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

We "review de novo whether [jury] instructions accurately state the law." *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1065 (9th Cir. 2020) (en banc).  We review the district court's decision to not impose discovery sanctions for abuse of discretion. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Norvell objected to a portion of Jury Instruction 13.  That instruction provided, in relevant part,

> It is unlawful to terminate an employee for performing a public duty. There is a public policy and duty in favor of taking swift action to save human life regardless of whether such action violates a company rule. **A company may take into consideration whether an individual's actions created the potentially harmful situation when determining appropriate action.**

Norvell argues the bolded sentence was a misstatement of Washington law that created an improper defense and misallocated the burden of proof.  However, Instruction 13, read as a whole, neither created an improper defense nor shifted the burden of proof.  *See Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Ill.*, 421 F.3d 835, 858 (9th Cir. 2005), *amended*, 433 F.3d 1089 (9th Cir. 2006) ("[W]e read jury instructions as a whole to determine whether they are accurate.").  Instead, Instruction 13 correctly stated that Washington law allows an employer to consider an employee's misconduct leading up to the need for emergency action.  In a related context, the Washington Supreme Court has recognized that an employer may terminate an employee for misconduct even if a closely connected event

would not be a valid basis for termination.  *Wilmot v. Kaiser Aluminum & Chem. Corp.*, 821 P.2d 18, 32 (Wash. 1991) (noting that an employer could terminate an employee for failing "to observe health and safety standards" but could not terminate the employee for seeking workers' compensation benefits based on an injury stemming from misconduct).  Norvell has cited no authority establishing that Washington law prohibits an employer from terminating an employee because of misconduct merely because that misconduct preceded the employee's actions that would not be a permissible basis for termination.

Norvell also argues the district court erred in allowing BNSF's expert, Brian Heikkila, to offer opinions allegedly beyond what was disclosed in his expert reports.  According to Norvell, Heikkila was allowed to testify about the train's "black box data" despite Heikkila's expert reports not disclosing any opinions regarding that data.  Norvell did not depose Heikkila to identify what he might say at trial.  Even if Heikkila's opinions were not disclosed, his testimony was still properly admitted if the failure to disclose was "substantially justified or harmless."  *Yeti by Molly, Ltd.*, 259 F.3d at 1106.

Heikkila's allegedly undisclosed opinions were similar to testimony from other witnesses.  Moreover, the events reflected in the "black box data" and recounted by Heikkila were, in large part, undisputed.  Thus, any nondisclosure was harmless, and the district court did not abuse its discretion in declining to

3

exclude Heikkila's opinions. *See id.* (noting that district courts have "particularly wide latitude" when determining whether to impose discovery sanctions).

**AFFIRMED.**